# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD J. FLORES**, <br><br> Plaintiff, <br><br> v. <br><br> **LUTHER SCHWARTZ and ROBIN MAY**, <br><br> Defendants. | Case No. 3:20-cv-430-AC <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on March 20, 2021. Judge Acosta recommended that this Court dismiss Plaintiff's Third Claim for Relief and require Plaintiff to provide a more definite and certain statement of his other claims. Plaintiff timely filed an objection. Defendants did not respond to Plaintiff's objections. The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Plaintiff has objected. The Court agrees with Judge Acosta's reasoning and adopts the Findings and Recommendation.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff argues that he has alleged sufficient facts to support his first, second, and fourth through seventh claims. Plaintiff reiterates those claims while stating that they do not require factual augmentation or greater clarity. Plaintiff does not point to any facts in his complaint that support his legal conclusions, and his objection is unavailing. Plaintiff also argues in his objection that Defendants did not state what details are needed, as required by Rule 12(e) of the Federal Rules of Civil Procedure. As Defendants stated in Defendants' Renewed and Revised Partial Motions to Dismiss and Motions to Make More Definite and Certain (ECF 32), there are almost no factual allegations contained in Plaintiff's Amended Complaint. Defendants

sufficiently explained what was missing from each claim. Plaintiff's objection, therefore, is without merit.

In his objection, Plaintiff also reiterates the nature of his third claim, which alleges that Officer May used or threatened to use mace against Plaintiff's dog to carry out her entry onto Plaintiff's property and that this was a violation of the Fourth and Fifth Amendments to the United States Constitution. Judge Acosta correctly identified the deficiencies in Plaintiff's allegations.

Further, in his objection to the findings and recommendation, Plaintiff proposed an amendment to his complaint that would change the nature of his claim from one focused on the use or threat of use of mace against Plaintiff's dog to a claim alleging use or threat of use of mace against Plaintiff himself. Plaintiff's objection is not the proper place to amend his complaint.

As with his other claims for which Plaintiff has been given the opportunity to make a more thorough statement of his allegations and claims, Plaintiff must allege facts that tell the Court what Plaintiff contends *happened*, and these facts must be sufficient to show the elements of Plaintiff's legal claims. For example, Plaintiff argues that a domestic animal is considered property and an unconstitutional seizure of that property may be a violation of the Fourth Amendment. But Plaintiff has not explained to the Court or to Defendants how mace or other chemical substances were used in the interaction at issue such that the Court or Defendants could understand how a seizure of property occurred, let alone a constitutionally impermissible one.

Plaintiff also argues in his objection that Defendants misquoted him. ECF 54 at 3-4. Plaintiff may be correct because Defendants used quotation marks around two phrases that are not contained in Plaintiff's Second Amended Complaint. This error, however, is harmless and

irrelevant. In both instances, Defendants paraphrased the claim that Plaintiff made. The paraphrased quotations do not change the Court's analysis and are generally accurate portrayals of the underlying claims. In the future, counsel for Defendants should ensure that anything presented to the Court as a quotation is actually an accurate quotation. Counsel also should provide pinpoint citations to the record following any direct quotations to assist the Court in verifying quotations when they are questioned.

Finally, Plaintiff requests in his objections that this Court rule on Plaintiff's motion to add state law claims (ECF 36). That request, however, is outside the scope of the findings and recommendation currently before the Court.

## CONCLUSION

The Court ADOPTS Judge Acosta's Findings and Recommendation. ECF 50. The Court GRANTS Defendants' motion to dismiss Plaintiff's Third Claim for Relief, with leave to amend, and GRANTS Defendants' motion to make more definite and certain all other claims. ECF 32.

**IT IS SO ORDERED.**

DATED this 4th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge